UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WENYI WANG and DERONG ZHANG, *pro se*, :
:
Petitioners, :
: **MEMORANDUM AND ORDER**
-against- : 08-CV-4258 (DLI)
:
CITY OF NEW YORK, NYPD 109TH PRECINCT; :
SUPERINTENDENT, QUEENS COUNTY :
DETENTION CENTER, :
:
Respondents. :
----------------------------------------------------------------X
DORA L. IRIZARRY, United States District Judge:

On October 14, 2008, petitioners, Wenyi Wang and Derong Zhang, filed this application for a writ of habeas corpus challenging their detention at the Queens County Detention Center following their arrest on October 12, 2008. For the reasons set forth below, the petition is dismissed.

**Background**

This petition was not filed by petitioners, but rather by Ning Ye, Esq.[1], "Concerned Citizen for the Petitioners." (Petition at 4.)[2] Mr. Ye alleges that petitioners were arrested "on October 12, 2008, at approximately 3:30pm, after the Petitioners reported the [*sic*] NYPD 109th Precinct about an on-going Chinese Communist Party incited and mobilized violent attacks [*sic*] targeting

---

[1] Mr. Ye is admitted to practice law in New York state and before this court. *See* New York State Unified Court System Attorney Directory, http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5629319 (last visited Mar. 16, 2009). However, as he has not filed a notice of appearance in this case, the court considers plaintiffs' request to be filed *pro se*.

[2] The court has paginated the petition for ease of reference. The submission is also entitled a "complaint for injunctive, declaratory and other relief." As petitioners did not sign the Complaint and did not remit the filing fee or seek *in forma pauperis* status, the court will not review this submission as a Complaint, but the court will review it as a habeas corpus petition.

Petitioners and their colleagues who were peacefully dissimilating papers in condemning the Chinese Communist Government's genocidal crimes . . . ." (Petition at 1-2.) Mr. Ye also alleges that petitioners were falsely arrested and imprisoned at the Queens County Central Booking Facility and he asks that they be "released on their own recognizance without delay." (Petition at 4.)

## Discussion

**A.     Next Friend Status**

A petition for writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Before the court can consider the merits of the instant petition, however, Mr. Ye must show that he has standing to proceed as "next friend" to Wenyi Wang and Derong Zhang. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id*. at 163-64 (citations omitted). Furthermore, "the burden is on the 'next friend' [to] clearly . . . establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164. Here, Mr. Ye has not offered any reason as to why petitioners cannot appear on their own behalf. "[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978);

2

*see also Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (denying "next friend" standing to sister of death row inmate); *Ross ex rel. Ross v. Rell*, 392 F.Supp.2d 224, 227 (D. Conn. 2005) (denying "next friend" standing to father of death row inmate); *Calderon ex rel. Santos v. Choiniski*, No. 04-cv-1475, 2006 WL 2474954, at *2 (D.Conn. Aug. 25, 2006) (denying "next friend"standing for failure to demonstrate that inmate was incompetent or unavailable to prosecute the petition for a writ of habeas corpus). The court hereby denies Mr. Ye's request to proceed with next friend standing.

**B.     The Petition is Premature**

Even if Mr. Ye could proceed as a next friend of petitioners, the petition is not properly filed in this court. Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the "'opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*)); *see also Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including the state court of last resort with discretionary review over its docket), thereby alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir. 1982). The proper method for seeking petitioners' release is to file a writ of habeas corpus in state court, such as the Supreme Court of the State of New York, County of Queens, though the court offers no opinion on the merits of such an application. Finally, there must be a state court conviction and sentence to challenge in order to file a petition under 28 U.S.C. § 2254. Here, petitioners are not challenging a conviction, but rather,

3

their detention by state authorities following an arrest that took place two days before this petition was filed.

**C.     Younger Abstention**

To the extent petitioners seek this court's intervention in an ongoing state criminal proceeding, the court must abstain. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution.

The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir.1995), *cert. denied*, 516 U.S. 1012 (1995), unless petitioner can show extraordinary circumstances to warrant intervention in the ongoing proceeding. Here, all the elements for *Younger* abstention are met: 1) there is a pending criminal case against petitioners; 2) New York has an important state interest in enforcing its criminal laws; and 3) petitioners are free to raise their claims of false arrest in the pending criminal proceeding. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Moreover, petitioner has not alleged that extraordinary circumstances warrant intervention in the ongoing proceeding.

**Conclusion**

Accordingly, the petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is

dismissed, without prejudice, for the reasons set forth above. 28 U.S.C. § 2254(b)(1)(A). As petitioners have not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge